UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARTHUR G. MERIWEATHER and )<br>GRACIE MERIWEATHER,     )<br>                             )<br>     Plaintiffs,            )<br>                             )     CASE NO. 1:03-cv-1485-DFH<br>  v.                         )<br>                             )<br>                             )<br>SEPTTIMOUS TAYLOR,           )<br>                             )<br>     Defendant.              ) | |

ENTRY ON DEFENDANT TAYLOR'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Arthur G. Meriweather and Gracie Meriweather fell six months behind on a debt for purchase of a residence, secured by a mortgage on the property. After a warning letter, the mortgage holder's attorney filed a lawsuit to foreclose the mortgage. The same day the attorney mailed the complaint and summons to the court, or perhaps the next day, the Meriweathers paid the entire amount needed to bring their account current. As soon as the attorney learned of that payment, he dismissed the foreclosure action.

That was not the end of the story, however. The Meriweathers then filed this putative class action against the attorney, Septtimous Taylor, for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and against the mortgage holder for alleged violations of state law.

Little of the original suit remains. Plaintiffs have agreed that their class allegations should be stricken, and they reached a settlement with the mortgage holder, U.S. Bank, N.A.

Taylor has moved for summary judgment, primarily on the ground that he was seeking only to foreclose a security interest and thus is excluded from the FDCPA's coverage. See 15 U.S.C. § 1692a(6) (defining "debt collector"); *Nadalin v. Automobile Recovery Bureau, Inc.*, 169 F.3d 1084 (7th Cir. 1999) (FDCPA did not apply to repossession of vehicle in which creditor held security interest); *Rosado v. Taylor*, 324 F. Supp. 2d 917 (N.D. Ind. 2004) (applying *Nadalin* to foreclosure of residential mortgages). Taylor also argues that even if the FDCPA applies, he complied with it or is entitled to the good faith defense the statute allows. As explained below, Taylor's motion for summary judgment is granted.

I.   *Preliminary Matters*

Taylor has moved to strike the Meriweathers' class allegations because they never sought certification of a plaintiff class. Plaintiffs have not opposed this request, and the class allegations are hereby stricken. The case addresses only the claims of the Meriweathers themselves. In addition, Taylor moved for summary judgment based on the claim in Count Five that he violated the FDCPA by seeking foreclosure on a mortgage that was no longer in default. In light of the undisputed evidence that the plaintiffs' payment and the foreclosure complaint

crossed in the mail, plaintiffs have agreed that Taylor is entitled to summary judgment on Count Five even if the FDCPA applies here.

Count Four alleges that Taylor violated the FDCPA in various ways. In his motion for summary judgment, Taylor pointed out that his request for attorney fees complied with the FDCPA. Plaintiffs have not tried to oppose his showing on that issue. Taylor also argued that his January 28, 2003, warning letter to the Meriweathers complied with the FDCPA. Again, plaintiffs have not opposed his motion on that issue. What remains of the case is the portion of Count Four alleging that Taylor violated the FDCPA by misstating the amount of the debt in the foreclosure complaint he filed in state court. The complaint stated that the principal "plus accrued interest through August 1, 2002, plus advances through August 1, 2002, used to pay ad valorem taxes, insurance, special assessments and escrow fees" totaled $74,309.74. The undisputed evidence shows that the complaint should have said "interest *from* August 1, 2002" rather than "interest *through* August 1, 2002."

II.   *Application of the FDCPA*

Taylor argues that his filing of the foreclosure action is not even subject to the FDCPA because he was seeking only to enforce a security interest and thus was not engaging in debt collection. The case law supports this view. In *Nadalin,*

the Seventh Circuit held that the FDCPA did not apply to repossession of a car that was collateral for the debt:

> The Act regulates the practices of "debt collectors," a term that is defined as excluding repossessors and other enforcers of security interests, 15 U.S.C. § 1692a(6), except that a repossessor may not take or threaten to take nonjudicial action to dispossess a person of property if "there is no present right to possession of the property claimed as collateral through an enforceable security interest." § 1692f(6)(A).

169 F.3d at 1085.  In *Rosado v. Taylor*, 324 F. Supp. 2d 917, Judge Miller persuasively concluded that the reasoning of *Nadalin* applied to efforts to foreclose a residential mortgage so long as the creditor and its attorney did not seek a personal deficiency judgment.[1]

The Meriweathers argue that there is a triable issue as to whether Taylor was engaging in debt collection because they contend the foreclosure suit necessarily involved an effort to obtain a deficiency judgment against them personally.  The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a

---

[1] The Taylor in *Rosado v. Taylor* is the same Septtimous Taylor who is a defendant in this case, and the attorneys in this case represented the corresponding parties on both sides of *Rosado*.

judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving parties. See Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defeat a summary judgment motion, a party must present more than mere speculation or conjecture. The issue is whether a reasonable jury might rule in favor of the non-moving party based on the evidence in the record. *Anderson v. Liberty Lobby*, 477 U.S. at 252; *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001); *Sybron Transition Corp. v. Security Insurance Co. of Hartford*, 107 F.3d 1250, 1255 (7th Cir. 1997).

The contents of the foreclosure complaint are an undisputed fact. Taylor has testified that he did not intend to seek a personal judgment for any deficiency and that his client instructed him not to seek such a judgment. Plaintiffs have come forward with no additional evidence. They argue, however, that the foreclosure complaint read as a whole showed that a personal deficiency judgment was sought and that Indiana law would have mandated entry of a personal deficiency judgment.

The foreclosure complaint was entitled "Verified Complaint on Note and Mortgage Foreclosure." The complaint alleged that the Meriweathers were in default. The complaint requested the following relief:

>       WHEREFORE, the Plaintiff respectfully prays and demands for *in rem* judgment against the Defendants, Arthur G. Meriweather and Gracie Meriweather, jointly and severally, for the principal amount of said indebtedness, plus accrued interest through August 1, 2002, plus advances through August 1, 2002, used to pay ad valorem taxes, insurance, special assessments and escrow fees, which sums total SEVENTY-FOUR THOUSAND THREE HUNDRED NINE & 74/100 DOLLARS ($73,309.74), plus interest thereon at the rate of 9.00% per annum until paid in full, along with late penalties thereon at the rate of TWENTY-NINE & 34/100 DOLLARS ($29.34) per month beginning with August 1, 2002, until date of complaint, plus any and all advances by Plaintiff of real estate taxes, assessments, insurance premiums, maintenance and costs, escrow fees and all other advances which Plaintiff must pay to preserve the real estate involved herein, and the Plaintiff's interests and rights therein, incurred during the pendency of this action; that it be awarded any sums advanced and paid under the terms of the above described mortgage; that it be awarded reasonable attorney fees in the amount of $1,500.00 and court costs expended herein; that it be adjudged to hold a first prior and superior lien on said real property in order to secure the foregoing judgment; that the Court direct the Sheriff to foreclose and sell the subject property at public auction pursuant to law; that the Court order and direct any party now in possession of the real property to vacate the real property on or before the Sheriff's Sale; and that said property be sold as a whole under proper orders of this Court in order to satisfy the judgment; that all Defendants come forward and present any claim against the property which represents a secured claim or ownership; and for all other relief to which the Plaintiff may appear entitled.

Def. Reply, Ex. 2. By its terms, the complaint did not request a personal judgment against the Meriweathers for any deficiency resulting from the Sheriff's sale.

Plaintiffs rely on the reference to the note, in which the Meriweathers' agreed to repay the lender the amount loaned to purchase the residence, plus interest and other sums. Given the fact that the mortgage secures an obligation

to make payments due under the note, the complaint could not omit reference to the note. Indiana Trial Rule 9.2 required that both instruments be attached to the foreclosure complaint filed in state court. Under the reasoning of *Nadalin* and *Rosado*, the reference to the note did not convert the effort to enforce the security interest into a debt collection within the scope of the FDCPA.

Plaintiffs also rely on an Indiana statute governing mortgage foreclosure actions. It provides:

> In rendering judgment of foreclosure, the courts shall:
> (1) give personal judgment against any party to the suit liable upon any agreement for the payment of any sum of money secured by the mortgage; and
> (2) order the mortgaged premises, or as much of the mortgaged premises as may be necessary to satisfy the mortgage and court costs, to be sold first before the sale of other property of the defendant.
> The judgment is satisfied by the payment of the mortgage debt, with interest and costs, at any time before sale.

Ind. Code § 32-30-10-5. Plaintiffs argue that by providing that the court "shall give personal judgment," the statute means that any mortgage foreclosure action necessarily could result in a personal judgment for a deficiency, so that any residential mortgage foreclosure should be deemed debt collection within the meaning of the FDCPA. However, the foreclosure court need not grant relief that it is not asked to grant. In this case, the mortgage holder was seeking only a judgment *in rem*, one that could be satisfied only from sale of the property securing the debt, without a personal judgment for any deficiency. The

undisputed evidence is that the mortgage holder did not intend to seek any personal judgment and instructed Taylor not to seek such a judgment. There simply is no evidence of any contrary intent. Accordingly, the undisputed facts show that defendant Taylor was engaged only in an attempt to enforce a security interest. He was not engaged in debt collection within the scope of the FDCPA.

III.     *Good Faith Defense*

Even if the FDCPA applied here, the only asserted violation at this point is that the complaint misstated the amount of the debt. The complaint stated that the principal "plus accrued interest through August 1, 2002, plus advances through August 1, 2002, used to pay ad valorem taxes, insurance, special assessments and escrow fees" totaled $74,309.74. The undisputed evidence shows that the complaint should have said "interest from August 1, 2002" rather than interest *through* August 1, 2002. The court assumes for purposes of argument that the error meant that the complaint misstated the amount of the debt, which, if the FDCPA applied, could violate 15 U.S.C. § 1692e(2), 1692e(10), and 1692f. However, the FDCPA provides an affirmative defense if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Plaintiffs did not specifically identify the error in the statement of the amount of the debt as an alleged violation of the FDCPA until their response in opposition to summary judgment. Taylor then submitted additional evidence with his reply brief, as he was entitled to do under this court's Local Rule 56.1(c). Under Local Rule 56.1(d), plaintiffs had an opportunity to file a surreply brief but did not do so.

Taylor's evidence on the good faith defense is therefore unrebutted. His evidence shows that he practices exclusively in foreclosure actions and that he takes care to try to be as accurate as possible in preparing and filing court pleadings, with special care to insure that the amount of any outstanding mortgage debt is stated accurately. Taylor 2d Aff. ¶¶ 3-4. Both he and an administrative assistant proofread each complaint before it is filed. Id., ¶ 5. In this case, the dollar amount of the debt was stated correctly, but the complaint used the word "through" instead of "from," notwithstanding the procedures for checking the accuracy of the complaint.

Plaintiff has not come forward with evidence that tends to undermine the good faith defense in this case. There is no question of subjective bad faith, and the error here appears to have been an isolated one. Having two people proofread a document for such errors is surely a procedure reasonably adapted to avoid such errors. Reasonable measures are not required to be infallible. *E.g., Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) (affirming finding of good faith error

after bench trial); accord, *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 538-39 (7th Cir. 2005) (affirming summary judgment on good faith defense). On the undisputed facts, therefore, Taylor has established the elements of the defense. Thus, even if the FDCPA applied to the foreclosure suit, Taylor would not be liable for misstating the amount of the debt in the complaint.

*Conclusion*

For the foregoing reasons, the plaintiffs' class allegations are hereby stricken and defendant Taylor's motion for summary judgment on Counts Four and Five is hereby granted. Because this decision resolves all remaining claims, final judgment shall be entered accordingly.

So ordered.

Date: August 10, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-11-

Copies to:

Matthew S. Effland
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
matthew.effland@odnss.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com

Clifford W. Shepard
ATTORNEY AT LAW
consprolaw@aol.com

-11-